UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARC DOUGHERTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00164-JRS-TAB |
| | ) |
| LEYBOLD USA, INC., | ) |
| | ) |
| Defendant. | ) |

**Order on Motion to Dismiss**

### I.   Introduction

This is an employment dispute.  On December 20, 2019, Dougherty crashed a company rental car while returning from the Indianapolis airport.  (Pl.'s Am. Compl. 2, ¶ 12, ECF No. 29.)  He did not tell his employer Leybold until some two weeks later.  (*Id.* ¶ 43.)  On January 8, 2020, Leybold issued Dougherty a "Notice for Suspension" indicating that he was to be suspended without pay until the company had investigated the incident.  (*Id.* at 30.)  On January 10, Leybold issued Dougherty a "Notice for Termination" because he failed immediately to report the crash and because he was driving under the influence of alcohol.  (*Id.* at 31.)  Dougherty sues on a theory of promissory estoppel, alleging that Leybold failed to keep its promises to investigate the crash and to reinstate Dougherty should he be cleared of wrongdoing.

Now before the Court is Leybold's Motion to Dismiss.  (ECF No. 31.)  The operative complaint is Dougherty's "Amended Complaint."  (ECF No. 29.)

## II.     Legal Standard

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Because the defendant must ultimately be *liable*, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). That applies "without regard to whether [the claim] is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.*

When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Courts need not, however, accept the truth of legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. Discussion

Dougherty's Amended Complaint relies on a legal theory of promissory estoppel. (Am. Compl. 8, ECF No. 29.) Leybold in its motion to dismiss argues that Dougherty cannot recover for promissory estoppel under the facts as alleged. (Def.'s Br. Supp. M. Dismiss 5, ECF No. 32.) The Court, sitting in diversity, here applies Indiana law. *Webber v. Butner*, 923 F.3d 479, 482 (7th Cir. 2019).

In Indiana,

> [t]he elements of promissory estoppel are: (1) a promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise.

*Hinkel v. Sataria Distribution & Packaging, Inc.*, 920 N.E.2d 766, 771 (Ind. Ct. App. 2010) (citing *Brown v. Branch*, 758 N.E.2d 48, 52 (Ind. 2001)). Promissory estoppel determinations are often fact-intensive, "[b]ut if it is clear that the question can be answered in only one way, there is no occasion to submit the question to a jury." *Garwood Packaging, Inc. v. Allen & Co.*, 378 F.3d 698, 705 (7th Cir. 2004) (applying Indiana law of promissory estoppel) (citing *Mason & Dixon Lines, Inc. v. Glover*, 975 F.2d 1298, 1303–05 (7th Cir. 1992); *J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1493 (6th Cir. 1991)); *see also, e.g.*, *Kacak v. Bank Calumet, N.A.*, 869 N.E.2d 1239, 1242 (Ind. Ct. App. 2007) (holding as a matter of law that "[t]he statement—'the check is good'—does not meet the definition of what constitutes a promise.").

Here, Dougherty alleges that Leybold "promised [him] it would investigate the crash." (Am. Compl. ¶ 67, ECF No. 29.) Dougherty alleges that "[i]nherent within

3

Defendant's promise to investigate the crash was the companion promise to reinstate Plaintiff's employment with pay if it were established that Plaintiff had not violated any laws or Defendant's policies or procedures or if it could not be established [that] Plaintiff violated any laws or Defendant's policies or procedures." (*Id.* ¶ 69.) The complaint then recites the elements of promissory estoppel without any additional facts. (*Id.* ¶¶ 70–77.) Dougherty argues that the "Notice for Suspension" contains Leybold's promise to him, (Pl.'s Resp. 7, ECF No. 33), and that his reliance on that promise was his decision not to quit his job during the two days Leybold's investigation was pending, (*id*). Dougherty apparently believes that the Notice contains two promises: an explicit promise to conduct a good-faith investigation of the crash, and an implied promise to reinstate him if the investigation cleared him of wrongdoing. (*Id.*)

There is nothing in the notice that makes those promises. The paragraph on which Dougherty seems to rely reads, "[o]nce we finalize our investigation of this incident, we will contact you regarding the next steps and your employment with Leybold. You are not to report to work until informed to do so by Leybold Management." (Am. Compl. 30, ECF No. 29.) That is not a promise to investigate the crash. Nor is it a promise to reinstate Dougherty based on the results. Even if there were a promise, Leybold could not possibly have expected Dougherty to rely on it—in large part because any reliance by Dougherty would be unreasonable. *See Garwood Packaging*, 378 F.3d at 703 (discussing Indiana law of promissory estoppel) ("The broader principle, which the requirement that the promise be definite and at

4

least minimally clear instantiates, is that the promisee's reliance must be reasonable; if it is not . . . probably there wasn't really a promise, or at least a promise intended or likely to induce reliance.").

Dougherty's allegations do not amount to a plausible claim for relief: he has introduced the very "promise" on which he purports to rely, and it shows itself to be no promise at all.

## IV. Conclusion

Leybold's Motion to Dismiss, (ECF No. 31), is **granted.**

Because Dougherty could adduce additional factual allegations—for instance, other, more substantial promises—that would remedy the defects in his case, his complaint is **dismissed without prejudice.** *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (collecting cases) ("[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed.") Dougherty is given until **Monday, November 21, 2022, at 11:59 p.m. Eastern** to file a motion to amend the complaint, should he so choose. *See* S.D. Ind. Local Rule 15-1. If no motion is filed by that deadline, the case will be dismissed and final judgment entered.

Dougherty is reminded that any new filings should comply with all applicable rules. *See* S.D. Ind. Local Rule 7-1 (no surreplies without leave); S.D. Ind. Local Rule 15-1 (requirements for motions to amend pleadings); Fed. R. Civ. P. 11(b)

(requirement that representations to the Court have factual and non-frivolous legal bases).

**SO ORDERED.**

Date: 11/09/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.